IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS A. ROZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:09-257 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| UNITED METAL FABRICATORS, INC. | ) |
| and UNITED MINE WORKERS OF | ) |
| AMERICA, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER OF COURT**

### I. SYNOPSIS

This matter comes before the Court on Defendant United Metal Fabricators, Inc.'s Motion for Summary Judgment (Doc. No. 26) and Defendant United Mine Workers of America's Motion for Summary Judgment (Doc. No. 30). Plaintiff opposes the motions (Doc Nos. 33 and 34). For reasons set forth herein, both motions are hereby **GRANTED**.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. PROCEDURAL AND FACTUAL BACKGROUND

This suit arises from Plaintiff's employment with Defendant United Metal Fabricators, Inc. (UMF) and membership in Defendant United Mine Workers of America (UMWA), starting in March 2007 and continuing to the present day. Plaintiff, an African-American, asserts that during this time, UMF subjected him to "a pattern of discriminatory animus" and a "hostile work

environment", as evidenced both by Defendant's treatment of him, as well as a variety of other workplace incidents. Doc. No. 1 at ¶ 13. Plaintiff further contends that UMWA, the labor union to which he belonged during his employment with UMF, "showed a pattern of hostility and discriminatory animus" toward him by harassing him for filing grievances against UMF, and refusing to help him during the grievance process. Doc. No. 1 at ¶ 14.

Plaintiff initially brought charges through the U.S. Equal Employment Opportunity Commission, which eventually dismissed the case on June 30, 2009 after being unable to determine whether any statutes had been violated. Doc. No. 1-1. Consequently, Plaintiff filed suit in this Court on September 28, 2009 seeking declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). Defendant UMF filed its Motion for Summary Judgment as to all claims on September 14, 2010, along with a Brief in Support, Concise Statement of Material Facts, and Appendix (Doc. Nos. 26, 27, 28, and 29). That same day, Defendant UMWA also filed a Motion for Summary Judgment, along with a Brief in Support and Concise Statement of Material Facts (Doc Nos. 31, 32, and 33). On October 11, 2010, Plaintiff filed separate Responses to both Motions, Briefs in Support of those Responses, his own Concise Statement of Material Facts, and Responses to each of Defendants' Concise Statements of Material Facts (Doc. Nos. 33, 34, 35, 36, 37, 38, and 39). Since then, both UMF and UMWA have submitted Reply Briefs to Plaintiff's Responses (Doc. Nos. 40 and 41), and UMF has filed a Response to Plaintiff's Concise Statement of Material Facts (Doc. No. 42).

## IV. STANDARD OF REVIEW

"Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56 (a).[1] Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those which will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248.

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal citations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); see also *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks omitted)).

---

[1] Rule 56 was revised in 2010. The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word—genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

3

## V.  DISCUSSION/ARGUMENTS

The Court first notes that both of Plaintiff's Responses to each Defendant's Concise Statement of Undisputed Facts (Doc. Nos. 36 and 37) fall woefully short of the standard for such pleadings set forth in the Federal Rules of Civil Procedure, the Local Rules of the Western District of Pennsylvania, and the specific instructions of this Court. The Federal Rules clearly state that "[a] party asserting that a fact ... is genuinely disputed must support the assertion by... citing to particular parts of materials in the record..."[2] Fed. R. Civ. P. 56(c)(1). This district's Local Rules set a similar standard, indicating that Responsive Concise Statements of Material Facts must address each paragraph of the moving party's Concise Statement of Material Facts by: a) admitting or denying whether each fact is undisputed and/or material; b) if applicable, setting forth the basis for the denial of any fact, with appropriate reference to the record; and c) setting forth in separately numbered paragraphs any other material facts at issue.[3] LCvR 56.C.1.a. Further, any facts set forth in the moving party's Concise Statement of Material Facts, which are claimed to be undisputed, "will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56.E. Finally, this Court's August 27, 2010 Final Scheduling Order provided clear instructions to the parties as to filing responses to Concise Statements of Undisputed Material Facts, noting that

> The response shall answer each of the numbered averments of fact set forth in the movant's statement and shall state whether each of the movant's averments of fact are "admitted" or "disputed." If disputed, the respondent shall state a concise counter-

---

[2] Rule 56(e) gives this court discretion as to how it may act when a party fails to properly address another party's assertion of fact as set forth in Rule 56(c), including giving an opportunity to properly support or address the fact, considering the fact undisputed for purpose of the motion for summary judgment, granting summary judgment, or any other appropriate order.

[3] In clarifying what qualifies as an "appropriate reference to the record" the Rule refers to LCvR 56.B.1, which states that such references must "cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."

statement of the matter disputed. At the conclusion of each counter-statement, respondent shall refer, with particularity, to those portions of the record upon which respondent relies.

Doc. No. 25 at 3. The Order also placed counsel on specific notice as to the consequences of noncompliance with these requirements, indicating that "[a]ll material facts set forth in the Movant's Concise Statement of Undisputed Material Facts shall be deemed admitted for the purpose of summary judgment *unless specifically controverted as set forth herein*" Id. (emphasis added). Courts in this district have strictly adhered to the summary judgment procedures set forth both by the Federal and Local Rules, and have consequently deemed inadequately controverted facts as admitted for purpose of summary judgment. See *Hill v. Best Med. Int'l, Inc.*, 2011 U.S. Dist. LEXIS 123845 at *109 (W.D. Pa. Oct. 24, 2011) (finding that facts were admitted because denying party failed to identify record evidence in support of its denial); *Gulley v. Haymaker*, 2009 WL 763549 at *2 (deeming facts admitted by Plaintiff for failure to comply with LCvR 56.1.E).

An examination of both of Plaintiff's responses to Defendants' Concise Statement of Undisputed Facts immediately reveals a willful disregard of these rules. Both Defendants' Concise Statements of Undisputed Material Facts (Doc Nos. 28 and 32) set forth meticulously detailed averments, accompanied by specific citations to the record – 178 paragraphs for Defendant UMF and 20 paragraphs for Defendant UMWA. In contrast, Plaintiff's methodology was to respond to each of these paragraphs with one of two words – "Admitted" or "Disputed" – with no accompanying counterstatement of fact and no specific reference to the record. Indeed, the only reference made to the record is found at the end of each respective pleading, where

Plaintiff refers this Court to an attached exhibit – an EEOC determination dated June 30, 2009.[4] Doc. No. 36 at 7; Doc. No. 37 at 2. Nor did Plaintiff make any subsequent effort to amend his responses. Given Plaintiff's blatant refusal to comply with the rules, the Court sees no other choice but to follow previous practice, and accordingly deems as admitted all facts set forth in Defendants UMF's and UMWA's respective Concise Statement of Undisputed Facts.

With both Defendants' Concise Statements of Material Fact therefore admitted, the Court is left with a relatively thin record to consider on Plaintiff's behalf. However, because Plaintiff is the nonmovant in this circumstance, the Court will give him the benefit of the doubt as to any material facts raised in his remaining relevant pleadings, including his own Concise Statement of Material Facts (Doc. No. 35), Responses to both of Defendants' Motions (Doc Nos. 33 and 34), Briefs in Support of those Responses (Doc. Nos. 38 and 39), and any exhibits and/or other portions of the record cited to therein. As Defendants UMF and UMWA have each filed motions, the Courts will consider the merits of their arguments separately.

## A. Plaintiff's Claims against UMF

### 1. Hostile Work Environment

In his Complaint, Plaintiff alleges that Defendant UMF violated Title VII by creating a "hostile work environment" through a variety of workplace incidents. To succeed on a Title VII claim for hostile work environment, Plaintiff must show that (1) he suffered intentional discrimination because of his race; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability. *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005) (citing *Cardenas v. Massey*, 269 F.3d 251, 260 (3d

---

[4] The Court will address the admissibility of the EEOC determination later in this opinion.

Cir. 2001). In its Motion, Defendant argues that Plaintiff cannot satisfy any of these elements, and therefore has failed to establish a claim for hostile work environment under Title VII.

### a. Intentional discrimination because of race

Defendant first asserts that Plaintiff's allegations of intentional discrimination cannot be upheld based upon the record presented. Defendant classifies Plaintiff's allegations into four categories: a) the use of race-based derogatory terms and/or other racially tinged statements; b) incidents where Plaintiff was allegedly asked to perform tasks not required of white employees; c) incidents where Plaintiff was allegedly corrected on the job because of his race; and d) evidence purportedly showing that Plaintiff was passed over for jobs by those with less seniority and/or forced to do less lucrative work. In response, Plaintiff argues that he has established the first element because he has "provided various derogatory statements made by co-workers, as well as supervisors, and... suffered such discrimination because he is African-American." Doc. No. 38 at 3. To support this, Plaintiff simply refers to an attached exhibit, an EEOC determination letter dated June 30, 2009, concerning charges made by Plaintiff against Defendant UMF (Doc. No. 38-1).

The Court first emphasizes that while it does not challenge the competence of the EEOC in investigating discrimination claims, it is not bound by the EEOC's determination letter, nor is the letter *per se* admissible. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1335 (3d Cir. 2002). Indeed, district courts in this circuit have been reluctant to adopt the findings of such letters, for a variety of evidentiary reasons. See *Sarmiento v. Montclair State University*, 513 F.Supp.2d 72, 90-1 (D.N.J. 2007) (finding that EEOC determination letter was not competent evidence to be considered on summary judgment motion because it contained vague and insufficient conclusions concerning the types of violations found); *Hodge v. Superior Court of Virgin*

*Islands*, 2009 WL 3334594 at *2-3 (D. Virgin Islands Oct. 14, 2009) (holding that EEOC determination letter was "no evidence at all" for purpose of summary judgment due to a lack of detailed factual findings or specific reference to a record); *Neal v. Daily's Juice*, 2009 WL 331591 at *2 (W.D.Pa. Feb. 10, 2009) (finding that EEOC letter determining that defendant violated Title VII was "of questionable admissibility" and therefore nonbinding on the court); *Brundage v. International Ass'n of Bridge, Structural, and Ornamental Ironworkers, Local #401 et al.*, 2007 WL 3119856 at *9 (E.D.Pa. Oct. 24, 2007) (holding that while EEOC determination letter may be considered at summary judgment, it did not create disputed issue of material fact, in part because it relied on hearsay statements and unattributed impressions); *Jackson v. Light of Life Ministries, Inc.*, 2006 WL 2974162 at *6 (W.D.Pa. Oct. 16, 2006) (stating that EEOC determination letters are admissible, but are not sufficient to defeat summary judgment).

A review of the EEOC determination letter provided by Plaintiff raises many of the same concerns discussed in the aforementioned cases. The letter includes a brief restatement of Plaintiff's general allegations, a review of EEOC factual findings without direct attribution to a specific record, descriptions of hearsay statements from a former employee of UMF regarding alleged racial comments in the workplace, and generalized legal conclusions about whether there may have been a violation of the applicable Title VII statutes. Doc. No. 38-1 at 2-3. Interestingly, the letter also includes factual findings that seemingly contradict some of Plaintiff's discrimination charges. These aggregated concerns lead the Court to determine that the EEOC determination letter cannot be relied upon on for purpose of this motion, and cannot create a disputed issue of material fact. Accordingly, Plaintiff's reliance on it provides no support for his claims. Nor do Plaintiff's own Statement of Facts within his Response (Doc. No. 38 at 1-2), or his separate Concise Statement of Undisputed Facts (Doc. No. 35) successfully

8

raise a material dispute, as both similarly rely on the aforementioned EEOC determination letter, along with two additional exhibits, purporting to be interview notes, which contain hearsay statements supposedly made by UMF employees.[5] Doc. Nos. 35-1 and 35-2. Because this Court has already deemed Defendant UMF's Concise Statement of Facts admitted for purpose of the record, Plaintiff can point to no additional evidence to support his claims. Further, the incidents for which we have been provided proper factual documentation (e.g., racial slurs regarding then-Presidential candidate Barack Obama) do not rise above the level of "offhanded comments and isolated incidents" which the Supreme Court has already indicated are not severe enough to constitute a hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Therefore, the Court finds there is no genuine issue of material fact for this element.

### b. Whether alleged discrimination was severe or pervasive

Given that Plaintiff must satisfy all five aforementioned elements to prevail on his Title VII hostile work environment claim, the Court could end its analysis at this stage and grant summary judgment for Defendant UMF as to that claim. However, in the interest of being comprehensive, the Court will assess the remaining elements. Defendant UMF next argues that Plaintiff has failed to establish that any discrimination was regular, severe or pervasive enough to constitute a hostile work environment. Doc. No. 27 at 10. Here, Plaintiff responds by pointing to the fact that he filed 14 grievances regarding discriminatory conduct. This number of grievances, he argues, "indicates that no action on the part of the employer had been taken" and therefore proves that discrimination was regular and pervasive. Doc. No. 38 at 3-4. However, as

---

[5] Indeed, Plaintiff overstates the evidence found in these latter exhibits – he alleges that 1) "[t]he word 'nigger' was frequently used by white employees" when the cited exhibit suggests only two such incidents at most; and 2) a UMF employee "oftentimes referred to Plaintiff as a 'monkey'" when the cited exhibit only suggests one such incident. Doc. No. 35 at ¶¶ 6-7.

9

the Third Circuit has noted, the act of filing grievances, on its own, is insufficient to support a Title VII claim, as such grievances "represent nothing more than mere allegations of discrimination." *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989). And nowhere else in Plaintiff's response does he cite any additional evidence to support the second element of his hostile work environment claim. Accordingly, this element fails as well.

### c. Whether alleged discrimination detrimentally affected Plaintiff

Defendant UMF next argues that Plaintiff has not satisfied the third element of his hostile work environment claim because he cannot point to more than one incident (in which a co-worker made a derogatory racial reference to then-Presidential candidate Barack Obama) whereby he may have suffered some form of racial discrimination. Doc. No. 27 at 14. To demonstrate that discrimination has detrimentally affected him, Plaintiff must actually perceive the environment to be hostile or abusive. *Faragher*, 524 U.S. at 787-8. Plaintiff provides little concrete evidence to support this element, instead generally relying on facts within the EEOC determination letter, which this Court has already indicated is not sufficient to create a disputed issue of material fact. Plaintiff also refers to Defendant UMF's "own production of documents", although no such documents are specifically cited or produced by Plaintiff. Doc. No. 39 at 4. However, despite this scant support, the Court finds that a disputed issue of material fact as to the third element exists, as suggested by Plaintiff's filing of charges with the EEOC, as well as his filing of grievances against UMF.

### d. Whether alleged discrimination would have detrimentally affected a reasonable person of the same protected class

Defendant UMF further asserts that any isolated incidents implicating potential racial discrimination would not have detrimentally affected a reasonable person in Plaintiff's position.

Doc. No. 27 at 13. As the Supreme Court noted in *Faragher*, to fulfill the fourth element of a hostile work environment claim – which implicates an objective standard – relevant conduct alleged by Plaintiff "must be extreme to amount to a change in the terms and conditions of employment." *Faragher*, 524 U.S. at 788. Isolated incidents or offhand comments do not suffice to demonstrate such a change. *Id.* Once again, Plaintiff relies on the EEOC determination letter to satisfy this element, noting in particular its discussion of one of Defendant's former employees who allegedly complained about racial discrimination on the job. Doc. No. 38 at 4. As the Court has previously noted, such hearsay statements in EEOC letters have been deemed problematic by other courts, and we see no reason to rely upon them here. Absent this, Plaintiff has provided no additional evidence as to the objective standard for a hostile work environment claim, and this element fails.

### e. Whether there is a basis for vicarious liability

Finally, Defendant asserts that Plaintiff cannot establish vicarious liability for his hostile work environment claim. As the Third Circuit has noted, such liability exists when a defendant knew or should have known of the harassment and failed to take prompt remedial action. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1486 (3d Cir. 1990). Defendant argues that after Plaintiff's complaints to his supervisors, it took significant measures to combat racial discrimination in the workplace, including a direct address to the entire workforce by the company CEO, the development of an antidiscrimination policy, and a power point presentation by an outside speaker directed against harassment and discrimination. Doc. No. 27 at 14-15. Plaintiff attempts to counter Defendant's assertions with generalized characterizations of Defendant's efforts, and cites to the EEOC determination letter as support. Once again, the letter cannot create a dispute of material fact on its own, and Plaintiff has not cited anything else in the

record in support of this element. This element also fails, and Defendant UMF's Motion for Summary Judgment as to Plaintiff's hostile work environment claim is GRANTED.

### 2. Retaliation

Plaintiff further alleges in his Complaint that Defendant UMF retaliated against him for filing grievances. Doc. No. 1 at 4. To establish a *prima facie* retaliation claim under Title VII, Plaintiff must show that 1) he engaged in protected activity protected by Title VII; 2) the employer took adverse employment action against him; and 3) there was a causal connection between Plaintiff's participation in the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340-1 (3d Cir. 2006). Defendant UMF argues that Plaintiff is unable to satisfy these elements, and therefore this claim must fail. The Court agrees.

In this case, there is little doubt that the Plaintiff was engaging in protected activity under Title VII – namely, the filing of grievances. However, Plaintiff provides little evidence to show that Defendant took retaliatory action or that, if such action was taken, that it was related in any way to his filing of grievances. Once again, Plaintiff relies on the mere fact that 14 grievances were filed, along with references to the EEOC determination letter, to support his contention that he was retaliated against. Doc. No. 38 at 5. As the Court has already discussed, neither of these are sufficient, either on their own or considered in tandem, to create a disputed issue of material fact. And Plaintiff provides no other information specifically detailing how there is a disputed issue of material fact as to elements two and three. Accordingly, Defendant UMF's Motion for Summary Judgment as to Plaintiff's retaliation claim is GRANTED.

### 3. Employment Discrimination

Plaintiff's final claim against Defendant UMF is that it employed a pattern of "discriminatory animus" against Plaintiff during his employment. Doc. No. 1 at 4. To establish

a *prima facie* case of discrimination under Title VII, Plaintiff must demonstrate that he 1) was a member of the protected class; 2) was qualified for the position; and 3) suffered an adverse employment action which was 4) under circumstances that give rise to an inference of discrimination. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 897 (3d Cir.1987).

Defendant UMF does not dispute that Plaintiff has fulfilled the first two elements, but asserts that Plaintiff did not suffer an adverse employment action, and even if he did, was not treated in any way that gives rise to an inference of discrimination. Doc. No. 27 at 21. Regarding element three, the only reference Plaintiff makes in his Response to any possible adverse employment action can be found in the Statement of Facts, which generally alleges that "[w]hite employees who had less seniority than Plaintiff" were given higher-paying jobs. Doc. No. 38 at 2. To support this allegation, Plaintiff once again refers to the EEOC determination letter, which the Court has already indicated is insufficient evidence on its own to defeat summary judgment. However, because Defendant UMF stipulates to the fact that Plaintiff was laid off, the Court will give Plaintiff the benefit of the doubt and therefore finds that there is a disputed issue of material fact as to element three. Nevertheless, Plaintiff's claim cannot survive summary judgment, because he offers no counterargument whatsoever in his Response as to element four; indeed, he completely ignores this section of Defendant's Motion. Given that Plaintiff has failed to articulate facts in favor of his discrimination claim, and that Defendant UMF's facts have been deemed admitted, there is no dispute of material fact as to this element. Therefore, Defendant UMF's Motion for Summary Judgment as to Plaintiff's discrimination claim is GRANTED.

### 4. Defendant's Reasons for Adverse Action against Plaintiff

While the above discussion provides sufficient justification for the Court's granting of

summary judgment as to all claims against UMF, the Defendant raises one final argument in its Motion for Summary Judgment which we address here. UMF argues that even if Plaintiff did suffer any adverse employment action (such as being laid off), Defendant undertook such action for legitimate, non-discriminatory reasons. Doc. No. 27 at 22. Under Title VII, once a plaintiff has established a *prima facie* case of discrimination, the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for any adverse action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This burden of production is satisfied if the employer introduces "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Here, Defendant states that the only possible adverse action Plaintiff has suffered was being laid off twice, and it provides a justification supported by the record – namely, that any layoff of Plaintiff was done in strict accordance with the terms of a collective bargaining agreement. Doc. No. 27 at 23. Accordingly, to the extent that Plaintiff's claims may rely on his being laid off by UMF, Defendant has met its burden under the *McDonnell Douglas* test to provide a legitimate, nondiscriminatory reason for the lay-offs.

However, once the defendant provides a legitimate, nondiscriminatory reason for the adverse action, the plaintiff can argue that the proffered reason was not the actual one, by presenting evidence that either 1) "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication" or 2) "allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Atkinson v. LaFayette College*, 460 F.3d 447, 454 (3d Cir. 2006) (quoting *Fuentes* 32 F.3d at 762). This third step in the *McDonnell Douglas* test is specifically designed to prevent employers from baldly inventing

14

reasons as to why they took adverse action against an employee. Yet in his Response, Plaintiff does not address this issue or offer any evidence whatsoever that there was any motivation for Defendant's actions other than simple adherence to the relevant collective bargaining agreement. Therefore, even had this Court not already granted summary judgment to Defendant as to Plaintiff's retaliation and discrimination cases as outlined above, Plaintiff's failure to present evidence required by the *McDonnell Douglas* test mandates that such claims would fail anyway as to Plaintiff's being laid off by UMF.

## B. Plaintiff's Claims against UMWA

We now turn to Plaintiff's claims against Defendant UMWA. In his Complaint, Plaintiff asserts that UMWA's actions "showed a pattern of hostility and discriminatory animus" toward him. Doc. No. 1 at 14. This allegedly included UMWA's harassment of Plaintiff for filing the grievance and refusal to help Plaintiff in grieving his concerns with UMF. *Id.* In its Motion for Summary Judgment, Defendant UMWA rightfully treats these allegations as having stated claims for hostile work environment and employment discrimination under Title VII. Doc. No. 31 at 5-6.

### 1. Hostile Work Environment

Defendant UMWA first argues that there are no material facts showing that Plaintiff was harassed by UMWA or subjected to a hostile work environment due to his filing of 14 grievances against UMF. Doc. No. 31 at 6. Instead, Defendant asserts that it represented Plaintiff throughout each grievance process, and achieved resolution for many of his claims. *Id.* at 8-9. Strangely, in his Memorandum in Response, Plaintiff does not directly address Defendant's argument against his hostile work environment claim, instead seemingly treating it as a retaliation claim, which was not pled in his original Complaint. Doc. No. 39 at 5. However,

15

regardless of whether Plaintiff has leveled a hostile work environment claim, a retaliation claim, or both, there is insufficient evidence in the record to create a disputed issue of material fact for either claim. As has already been noted, Plaintiff's Response to Defendant UMWA's Concise Statement of Material Facts blatantly disregarded the applicable rules of pleading, thus leading this Court to deem Defendant UMWA's facts as admitted. Further, as with his arguments regarding UMF's hostile work environment and retaliation claims, Plaintiff simply relies on the June 30, 2009 EEOC determination letter, along with the fact that he filed 14 grievances, to support his claim. Such paltry evidence did not suffice for his claims against UMF, and it will not suffice here. Accordingly, Defendant UMWA's Motion for Summary Judgment as to this claim is GRANTED.

## 2. Employment Discrimination

Finally, Defendant UMWA asserts that Plaintiff has failed to provide sufficient material facts to support his claim against the union for discrimination. Doc. No. 31 at 9. Defendant responds with a muddled argument that mirrors almost exactly the one it made against UMF for hostile work environment and discrimination, with the addition of two paragraphs on the *McDonnell Douglas* test and pretext, and the substitution of "Union" for Defendant UMF in the remaining paragraphs. Doc. No. 39 at 3-4. In its Reply, Defendant UMWA characterizes Plaintiff's argument as "consisting of boiler plate citations with little regarding the facts of the case." Doc. No. 40 at 3. The Court agrees. In addition to the fact that Plaintiff's citations to the record rely on the EEOC determination letter and the number of grievances (which we have already indicated is insufficient to create a dispute of material fact) almost this entire section of Plaintiff's Response has nothing to do with the actions of Defendant UMWA. To make matters worse for Plaintiff, as Defendant UMWA correctly notes, the EEOC determination letter cited by

Plaintiff does not pertain to any action taken or not taken by UMWA, as it involves an EEOC charge against UMF. Like his claim against UMWA for hostile work environment, Plaintiff falls extremely short of demonstrating that there are any disputes of material fact as to his discrimination claim. Therefore, Defendant UMWA's Motion for Summary Judgment as to this claim is GRANTED.

## VI. CONCLUSION

For the reasons outlined above, both Defendant UMF's Motion for Summary Judgment and Defendant UMWA's Motion for Summary Judgment are hereby **GRANTED**. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS A. ROZIER, | ) |
| Plaintiff, | ) ) ) ) CIVIL ACTION NO. 3:09-257 |
| v. | ) JUDGE KIM R. GIBSON ) |
| UNITED METAL FABRICATORS, INC. and UNITED MINE WORKERS OF AMERICA, | ) ) ) ) ) ) |
| Defendants. | ) |

### ORDER

**AND NOW**, this 19th day of January 2012, this matter coming before the Court on Defendant United Metal Fabricators, Inc.'s (UMF) Motion for Summary Judgment (Doc. No. 26) and Defendant United Mine Workers of America's (UMWA) Motion for Summary Judgment (Doc. No. 30), **IT IS HEREBY ORDERED** that

1. Defendant UMF's Motion for Summary Judgment is **GRANTED**. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant UMF as to all claims.

2. Defendant UMWA's Motion for Summary Judgment is **GRANTED**. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant UMWA as to all claims.

3. The Clerk of the Court is further directed to **CLOSE** this matter.

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

18